UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK JAMES WILEY, | } | |
| | } | |
| Petitioner, | } | |
| VS. | } | CIVIL ACTION NO. H-08-2708 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
| | } | |
| Respondent. | } | |

OPINION ON DISMISSAL

Petitioner Frank James Wiley, a state inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge a state court felony conviction for aggravated robbery with a deadly weapon. The Court will dismiss petitioner's federal habeas petition as untimely pursuant to 28 U.S.C. § 2244(d).

I.      PROCEDURAL HISTORY

On December 22, 2004, petitioner was convicted of burglary of a habitation in cause number 984142 and aggravated assault with a deadly weapon in cause number 984143 in the 184th District Court of Harris County, Texas. Punishment was assessed for each conviction at thirty years confinement in TDCJ-CID, to be served concurrently. (Docket Entry No.1). The state appellate court modified the judgments to conform to the oral pronouncement of the state district court, but otherwise affirmed the convictions. *Wiley v. State*, Nos. 01-05-00033-CR; 01-05-00034-CR (Tex. App.—Houston [1st Dist.] May 25, 2006, no pet.) (not designated for publication). Although petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals, his time to do so expired thirty days after the appellate court's judgment was entered, on or about June 25, 2006. 28 U.S.C. § 2244(d)(1)(A). Thus, his

aggravated robbery conviction became final for purposes of federal habeas corpus review on or about June 25, 2006.  28 U.S.C. § 2244(d)(1)(A); *Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004) (noting "[i]n Texas, a PDR is considered to be part of the direct review process, which ends when the petition is denied or when the time available for filing the petition lapses"); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that when a defendant stops the appeal process before the Supreme Court rules on a petition for writ of *certiorari*, his state conviction becomes final when the time for seeking direct review in the state court expires). Petitioner filed a state habeas corpus application challenging the aggravated assault conviction on April 23, 2007.[1]  The Texas Court of Criminal Appeals denied the application without written order on the trial court's findings without a hearing on August 15, 2007.  Texas Court website.[2]

Petitioner executed his petition for a federal writ of habeas corpus with this Court on August 29, 2008.   Therefore, petitioner's petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  Petitioner seeks federal habeas relief on grounds that his sentence is illegal and he was denied the effective assistance of counsel at trial.  (Docket Entry No.1).

II.      ONE-YEAR STATUTE OF LIMITATIONS

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

---

[1] Deputy District Clerk of Harris County, Texas.

[2] www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2299145

(A)      the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)      the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)      the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)      the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)      The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).  Because petitioner's petition was filed well after that date, the one-year limitations period applies to his claims.  *Id.* at 198.

Although the statute of limitations is an affirmative defense, the courts are authorized to raise such defenses *sua sponte* in habeas actions.  *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).  This Court may, therefore, properly determine at the outset whether petitioner's petition is timely or not.  As noted above, petitioner's conviction became final for purposes of federal habeas corpus review thirty days after his conviction was affirmed by the intermediate court of appeals, on or about June 25, 2006.  *See* 28 U.S.C. § 2244(d)(1)(A).  That date triggered the one-year limitations period which expired on June 25, 2007.

Petitioner's state habeas application was pending before the Texas Court of Criminal Appeals from April 23, 2007, until August 15, 2007, thus tolling the limitations period for 114 days or until October 17, 2007. *See* 28 U.S.C. § 2244(d)(2); *Villegas v. Johnson*, 184 F.3d 467, 473 (5th Cir. 1999) (concluding petition filed in accordance with state's procedural filing requirements tolls one-year limitations period during pendency of petition). Petitioner filed this federal habeas application on August 29, 2008, months after limitations expired on October 17, 2007; therefore, it is untimely.

Petitioner did not respond to the Court's Order of November 9, 2008, directing him to file a written statement addressing the limitations issue and equitable tolling. (Docket Entry No.4). Furthermore, petitioner's pleadings do not reflect that he was subject to state action that impeded him from filing his petition. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition. *See Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999). Accordingly, the Court finds that petitioner's federal habeas corpus petition is barred by the AEDPA's one-year limitation period.

III.    CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted); *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir.2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from this decision will be denied.

IV.    CONCLUSION

Accordingly, the Court ORDERS the following:

1.  Petitioner's petition for writ of habeas corpus is DENIED.

2.  This cause of action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3.  A certificate of appealability is DENIED.

4.  All other pending motions are DENIED.

It is so ORDERED.

SIGNED at Houston, Texas, this 1st day of December, 2008.


MELINDA HARMON
UNITED STATES DISTRICT JUDGE